## DODD v. AVERILL.

(Supreme Court, Appellate Division, First Department.   June 29, 1896.)

DURESS—EVIDENCE.

Duress in executing a mortgage is not established by testimony of the mortgagor that her son requested her to execute the mortgage, and she refused, whereupon he told her that, if she did not, the mortgagee would have him arrested, and put in prison, and that she executed the mortgage to save him the disgrace, and the testimony of the son that he made such statement to his mother, and that the mortgagee had made the threat to him; it also appearing that the mortgagor executed the mortgage in the expectation of receiving part of the amount thereof in cash from the mortgagee.

Appeal from special term, New York county.

Action by Edward Dodd against Permelia M. D. Averill, impleaded, to foreclose a mortgage.   There was judgment in favor of plaintiff, and defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. T. B. Milliken, for appellant.

Lawrence Kneeland, for respondent.

INGRAHAM, J.   We think the consideration moving from Dodd, the plaintiff, to the appellant's son was ample to sustain the mortgage sought to be foreclosed, and the only question in the case is whether or not there was evidence to sustain the finding that the mortgage was given under duress.   If there was evidence to sustain that finding, there was material error in sustaining the objection to the question put to the appellant by which she was asked to state the effect produced upon her by the statement of her son that the plaintiff would have her son arrested unless the mortgage was executed.

It is a material element, in a defense that an instrument was procured by duress, to show that the duress operated upon the party executing the instrument so as to overcome the will; and it is well settled, in such a case, that the party can testify as to the effect upon his mind by the duress.   The record shows, however, that the appellant was allowed to state all the communications made to her by her son, and if, upon the statement made, the court was justified in finding that the instrument was not executed under duress, then the condition of her mind was not material.   The evidence shows that the defendant was applied to by her son to execute the mortgage in question; that she first refused, and was then told by her son that

the plaintiff "would go on the floor of the Exchange the next day, and have him arrested and put in prison, and, of course, to save him the disgrace, I signed it. It was to save him the disgrace." The son also testified to having made the same statement to his mother, and further testified that the plaintiff made the threat to him. That, however, the plaintiff denied, and the finding of the judge was sustained by the evidence, assuming that he believed the plaintiff rather than the defendant's son. The only evidence to sustain the allegation that the bond and mortgage were procured by duress is the testimony of the defendant and her son. The testimony of the son was discredited by other testimony, and by the position which, from his own statement, he voluntarily assumed, in endeavoring to swindle his mother and also the man who had so much befriended him.

The defendant, the mortgagor, was largely interested in the result of the trial. Her story bears upon its face evidence that the fear produced by the statement of her son has been exaggerated, and of the benefit that she hoped to obtain from discounting the notes which were given at the same time, and which it is quite evident were discounted by the plaintiff as a part of the same transaction, and as consideration for the delivery of the mortgage. The trial court has found that, "when the mortgage was signed, the defendant made and gave to her son notes to the amount of $1,500, which Dodd was to cash or discount, she expecting to receive part of the proceeds. I do not think a conclusion of legal duress can be drawn from this evidence. It seems more consistent that the defendant exercised her volition, actuated in more or less degree by her expectation of a portion of the money to be had from Dood on her notes." We cannot say that the testimony of the defendant and her son is so conclusive as to justify us in reversing this judgment on the ground that this finding of fact is against the weight of evidence.

The judgment must therefore be affirmed, with costs. All concur.